# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDDIE CARDONA, | ) |
| Plaintiff, | ) ) ) |
| vs. | )  CIVIL NO. 07-cv-503-JPG ) |
| HARLEY L. LAPPIN, *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**FACTS ALLEGED**

Cardona suffers from chronic diabetes, He alleges that all named defendants have been deliberately indifferent to his treatment, which eventually led to loss of vision in one eye. Prior to his arrival at Greenville, Plaintiff was incarcerated at both MCC Chicago and FMC Devens. At those facilities, he was given specific recommendations regarding management of his diabetes. He was told that if he did not maintain proper blood sugar levels, his vision could go bad.

Upon his arrival at Greenville, Defendant Dawdy met with him to discuss his condition. Dawdy told him that he would put Plaintiff on a chronic care program, and that Plaintiff would be directly cared for by Defendant Rataan. Plaintiff explained to Dawdy and Rataan that he had been taking insulin while at MCC Chicago. Dawdy performed an AC-1 test, after which he gave Plaintiff a prescription for an unspecified medication for his diabetes. Plaintiff states that he was no longer provided with insulin, nor were his blood sugar levels monitored on a daily basis.

While at Greenville, he began experiencing problems with his circulation. He had previously been prescribed an unspecified medication for this condition at MCC Chicago, so he spoke with Defendant Pickett about receiving that medication at Greenville. Pickett told Plaintiff that he had spoken with Dawdy about it, but Plaintiff was given no explanation as to why Dawdy had discontinued that medication.

Over a period of 18 months, Plaintiff complained regularly to Dawdy, Rataan and Pickett about the inadequate testing procedures. In response, he alleges that both Dawdy and Rataan told him that he should be happy he was receiving any treatment or testing at all, as many people outside of prison were unable to afford any sort of testing or treatment. Moreover, they were sick of the complaining from him and other inmates, and he could file a complaint with prison authorities if he

was unhappy.

Plaintiff believes that the lack of treatment provided to him was due to inadequate funding and budgeting within the Bureau of Prisons. Therefore, medical care within the B.O.P. falls "way short" of community standards.

**LEGAL CLAIMS**

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "presence of a medical condition that significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain". *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). At this point, the allegations in the complaint support a claim that Plaintiff's diabetes is, objectively, a serious medical need.

The real issue is whether the defendants acted with deliberate indifference, which is a subjective standard. *See Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002). To be deliberately indifferent, the defendants must have acted with "a sufficiently culpable state of mind." *Greeno*, 414 F.3d at 653 (*quoting Farmer*, 511 U.S. at 834). They must know of the serious risk to the prisoner's health, *i.e.*, the serious medical need at issue, and they must also consciously disregard

that risk so as to inflict cruel and unusual punishment upon the prisoner. *Farmer*, 511 U.S. at 837-38; *Higgins v. Correctional Medical Services of Illinois, Inc.*, 178 F.3d 508, 511 (7th Cir. 1999).

Applying these standards to the allegations in the complaint, the Court is unable to dismiss the claims against Dawdy, Rataan or Pickett at this time. *See* 28 U.S.C. § 1915A.

Defendant Revell was the warden at Greenville at the time Plaintiff arrived at Greenville. Plaintiff states that he filed numerous grievances with her regarding his medical treatment, but her responses were less than satisfactory. Because Revell failed to take affirmative action to correct the situation, Plaintiff alleges that she demonstrated deliberate indifference to his serious medical needs.

Revell's conduct, as documented by the included exhibits, does not demonstrate a sufficiently culpable state of mind. She was aware of Plaintiff's complaints regarding his diabetes, and she did not disregard his complaints. As indicated clearly from the exhibits, she investigated the situation, made sure that the medical staff was monitoring and addressing the problem, and reasonably deferred to the medical professionals' opinions. *See Greeno*, 414 F.3d at 656 ("Perhaps it would be a different matter if [the non-medical prison official] had ignored [the plaintiff's] complaints entirely, but we can see no deliberate indifference given that he investigated the complaints and referred them to the medical providers who could be expected to address [the plaintiff's] concerns.") (internal citations omitted); *see also Bond v. Aguinaldo*, 228 F.Supp.2d 918, 920 (N.D.Ill.2002) ("Except in the unusual case where it would be evident to a layperson that a prisoner is receiving inadequate or inappropriate treatment, prison officials may reasonably rely on the judgment of medical professionals."). Revell is thus insulated from liability because she "responded reasonably" to Plaintiff's complaints. *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002) *(quoting Farmer*, 511 U.S. at 843).

Accordingly, Plaintiff has failed to state a claim upon which relief may be granted, and Revell will be dismissed from this action with prejudice.

Defendant Sherrod is the current warden at Greenville. Plaintiff alleges that since Sherrod arrived, Plaintiff has not received timely responses to his grievances regarding his medical care. However, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Therefore, Plaintiff has failed to state a claim upon which relief may be granted, and Sherrod will be dismissed from this action with prejudice

Harrell Watts is an administrator at the national level; Michael Nalley is the regional director of the B.O.P. Plaintiff alleges that Watts and Nalley denied his grievances regarding his medical care, based on records and representations made within the context of the grievance process before it reached his desk. Because neither Watts or Nalley took affirmative action to correct the situation, Plaintiff asserts that each demonstrated deliberate indifference to his serious medical needs.

Nalley is one step further removed from liability than Revell, the warden; Watts is a step further removed than Nalley. Both Watts and Nalley, neither of whom is a medical professional, received Revell's response along with Plaintiff's grievance. Watts and Nalley each denied the grievance, each knowing that Plaintiff needed medical attention and that medical care was and continued to be available to him. For the reasons already stated with respect to Revell, Plaintiff has failed to state a claim upon which relief may be granted against Watts or Nalley; Watts and Nalley will be dismissed from this action with prejudice.

Finally, Plaintiff alleges that Lappin, as director of the Bureau of Prisons, is liable for everything that happens within the B.O.P. Specifically, he alleges that Lappin has "failed to ensure that the medical program . . . meets the objectives as illustrated in the Program Statement." Essentially, this is a claim of supervisory liability, but "[t]he doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Furthermore, a defendant can never be held liable for negligence in a federal civil rights. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Therefore, Plaintiff has failed to state a claim upon which relief may be granted, and Lappin will be dismissed from this action with prejudice.

**APPOINTMENT OF COUNSEL**

In a brief paragraph within his supporting memorandum (Doc. 1-2 at 3), Plaintiff requests that the Court appoint him counsel. There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication at all whether Plaintiff has attempted to obtain counsel or

been effectively precluded from doing so. Therefore, Plaintiff's motion for the appointment of counsel is **DENIED**, without prejudice.

## DISPOSITION

**IT IS HEREBY ORDERED** that Defendants **LAPPIN, NALLEY, REVELL, SHERROD** and **WATTS** are **DISMISSED** from this action with prejudice. Dismissal of these claims constitutes one of Plaintiff's three allotted strikes. 28 U.S.C. § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **DAWDY, RATAAN** and **PICKETT**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint, including copies for the United States Attorney and the Attorney General, to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **DAWDY, RATAAN** and **PICKETT** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure, *and* on the United States Attorney for the Southern District of Illinois and the Attorney General of the United States, Washington, D.C., pursuant to Rule 4(I) of the Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Bureau of Prisons who no longer can be found at the work address provided by Plaintiff, the Bureau of Prisons shall furnish the Marshal with the

defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the B.O.P. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not

been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated: October 21, 2008.**

                                           s/ J. Phil Gilbert
                                           **U. S. District Judge**